# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | JAMES F. HOLDERMAN | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1020 | **DATE** | 3/21/13 |
| **CASE TITLE** | Joseph Roman Kestian (#2010-1028034) vs. Correctional Officer #1, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for attorney assistance [#7 ] is denied, without prejudice.

■ [For further details see text below.]  **Docketing to mail notices.**

## STATEMENT

    The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, two correctional officers at the jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety. More specifically, the plaintiff alleges that the defendants failed to protect him from a fellow detainee known to be mentally unstable. This matter is before the court for ruling on the plaintiff's motion for attorney assistance.

    The motion is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson*, 433 F.3d at 1006). When a *pro se* litigant submits a request for assistance of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).

**(CONTINUED)**

mjm

**STATEMENT (continued)**

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. Although the amended complaint sets forth cognizable claims, the plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff, whose submissions to date have been coherent and articulate, appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for assistance of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.