Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1020 | **DATE** | 4/1/13 |
| **CASE TITLE** | Joseph Roman Kestian (#2010-1028034) vs. Correctional Officer #1, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff may proceed on his amended complaint. The clerk is directed to: (1) file the amended complaint [#6]; (2) terminate Correctional Officer #1 and John Doe #1 as defendants pursuant to the amended complaint and Fed. R. Civ. P. 15; (3) add Sheriff Tom Dart as a defendant; (4) issue summons for service on defendant Dart by the U.S. Marshal; and (5) send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ **[For further details see text below.]**   **Docketing to mail notices.**

## STATEMENT

    The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, two correctional officers at the jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety and medical needs. More specifically, the plaintiff alleges that the defendants failed to protect him from a fellow detainee known to be mentally unstable, then denied him medical/psychiatric care after he was attacked. The plaintiff has submitted an amended complaint naming a supervisory official, as directed. *See* Minute Order of February 12, 2013.

    Sheriff Thomas Dart is substituted as a defendant so that the plaintiff can conduct discovery to identify the names of the two correctional officers in question. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dep*t., 95 F.3d 548, 556 (7th Cir. 1996). Once the plaintiff has obtained service on Sheriff Dart and an attorney has entered an appearance, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the defendants who allegedly violated the plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff learns the defendants' identities, he may again ask leave to amend the complaint to substitute their names for those of the John Does. Summonses will then **(CONTINUED)**

mjm

| **STATEMENT (continued)** |
|---|

issue for service on the defendants in interest and Sheriff Dart will be dismissed as a defendant. The plaintiff is advised that there is a two-year statute of limitations for civil rights actions. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. The plaintiff should therefore attempt to identify the John Does as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

The clerk shall issue summons for service of the amended complaint on defendant Dart. The United States Marshals Service is appointed to serve the defendant. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The Marshal is authorized to send a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. **The plaintiff is reminded that he is required to provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed.** In addition, the plaintiff must send an exact copy of any court filing to the defendant [or to defense counsel, once an attorney has entered an appearance on behalf of the defendant]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.